■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINCY JACKSON, Appellant. [708 NYS2d 866] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered June 24, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

There is no basis upon which to disturb the jury's determinations concerning credibility. Furthermore, the verdict was not against the weight of the evidence. The jury's inability to reach a verdict on the sale count does not warrant a contrary conclusion (*see, People v Rayam*, 94 NY2d 557). Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.

■ 698-700 AMSTERDAM CORP., as Assignee of PRIME REALTY INTERNATIONAL, Appellant, v MORFESIS REALTY CORP. et al., Respondents. [708 NYS2d 865] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about January 8, 1999, which, to the extent appealed from as limited by the brief, denied plaintiff's motion for an order rescinding a residential lease agreement entered into by an interim receiver with defendant tenant, unanimously affirmed, without costs.

Plaintiff's appellate contention that the lease agreement entered into between the receiver and defendant tenant should be rescinded on the ground of mutual mistake is unpreserved and we decline to reach it since neither the receiver nor defendant tenant had a full and fair opportunity to respond to plaintiff's claim, that the lease between the receiver and defendant tenant was entered into upon the mistaken belief that there was a registered stabilized rent for the subject apartment. Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.