■ The People of the State of New York, Respondent, v Vasquez Santiago, Also Known as Santiago Vasquez, Appellant. [718 NYS2d 177] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 1, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Credibility issues, including the discrepancy regarding the color of the ziplock bags of drugs, were properly presented to the jury and there is no reason to disturb its determination. The fact that the jury could not agree on a verdict on the sale count does not warrant a different conclusion (*see*, *People v Rayam*, 94 NY2d 557). Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.

■ The People of the State of New York, Respondent, v Ivan Sanchez, Appellant. [719 NYS2d 10] —Judgment, Supreme

Court, Bronx County (Frank Torres, J.), rendered September 11, 1998, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Inconsistencies between a witness's Grand Jury and trial testimony presented a credibility issue for resolution by the jury and did not entitle defendant to dismissal of the indictment (*People v Hutson*, 157 AD2d 574, *lv denied* 75 NY2d 967).

The court properly exercised its discretion in denying defendant's mistrial motions based on the fact that witnesses blurted out testimony that had been precluded by the court, since the court's curative instructions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865).

The record supports the court's finding, based on a careful weighing of the factors set forth in *People v Taranovich* (37 NY2d 442), that defendant was not deprived of his constitutional right to a speedy trial.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.