■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDDY BYLES, Appellant. [735 NYS2d 387] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered November 9, 1998, convicting defendant, after a jury trial, of burglary in the first degree and assault in the second and third degrees, and sentencing him to concurrent terms of 3½ to 7 years, 3½ to 7 years and one year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The People disproved defendant's justification defense beyond a reasonable doubt. Conflicting versions of the incident were properly considered by the trier of facts and there is no basis upon which to disturb its credibility determinations (*see, People v Gaimari*, 176 NY 84, 94). The fact that defendant was acquitted of one of the counts of the indictment does not warrant a different conclusion (*see, People v Rayam*, 94 NY2d 557). Evidence properly credited by the jury established every element of the crimes of which defendant was convicted. Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.

■ In the Matter of JESSICA MARIE C., and Another, Infants. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, INC., Respondent; RUBEN C. S., Appellant. [735 NYS2d 387] —Orders, Family Court, New York County (Clark Richardson, J.), entered on or about March 22, 1999, which, insofar as appealed from, determined that respondent-appellant father's consent was not necessary for the adoption of Jessica and Alexandria C., and committed the custody and guardianship of the children to Angel Guardian Children and Family Services and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

Respondent father did not establish that he contributed financially to the support of his two daughters, born out of wedlock, despite his testimony that he was gainfully employed during the relevant period. The evidence does not warrant an inference that he made such contribution. Therefore, the court properly found that his consent to the adoption of the children by their current foster mother was not necessary (Domestic Relations Law § 111 [1] [d]). In addition, the evidence clearly supports the court's conclusion that adoption is in the best interests of the children (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.