■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON FREEMAN, Appellant. [749 NYS2d 231] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered January 30, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict convicting defendant of criminal possession of a controlled substance under a theory of possession with intent to sell (Penal Law § 220.16 [1]) was not against the weight of the evidence. Defendant's principal argument is that because of the failure to convict on the sale counts, this Court, in evaluating the weight of the evidence supporting the element of intent to sell, should disregard evidence that the police observed him making three drug sales to apprehended buyers. Although we may consider the action of the jury on other counts in performing weight of evidence review (*see People v Rayam*, 94 NY2d 557, 563 n), in this case we find that the jury properly evaluated the evidence of possession with intent to sell. We decline "to intrude into the jury's deliberative process * * * The problems of second-guessing are compounded by the pos-

sibility that the jury has not necessarily acted irrationally, but instead has exercised mercy." (*People v Tucker*, 55 NY2d 1, 7 [citations omitted].) As the Court of Appeals held in *Rayam*, the *Tucker* rationale applies equally to legal repugnancy inquiry and weight of the evidence review (94 NY2d at 562). "[I]n performing its de novo review function as a 'thirteenth juror,' there is no good reason why a court should resolve any inconsistency in favor of a defendant rather than the People" (*id.*). Accordingly, we conclude that the evidence, including the three sales observed by the police, clearly establishes that the additional glassine envelopes of heroin, bearing the same brand name as those recovered from the three buyers, were possessed by defendant with intent to sell.

By failing to object, or by making a generalized objection, defendant failed to preserve his challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged portions of the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Mazzarelli, J.P., Andrias, Buckley and Marlow, JJ.