■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WILLIAMS, Appellant. [785 NYS2d 458]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered March 25, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of $1^{1}/_{2}$ to $4^{1}/_{2}$ years, unanimously affirmed.

The verdict convicting defendant of possession with intent to sell was based on legally sufficient evidence and was not against the weight of the evidence, notwithstanding defendant's acquittal of criminal sale of a controlled substance (*see People v Rayam*, 94 NY2d 557 [2000]; *People v Freeman*, 298 AD2d 311 [2002], *lv denied* 99 NY2d 582 [2003]). Defendant was the only person who matched the description transmitted by the undercover officer to the field team and was arrested at the location of the alleged sale in possession of the same type of cocaine as that allegedly purchased by the officer.

The court properly exercised its discretion in permitting the prosecution to elicit testimony that the choice of location for the undercover operation was influenced by community complaints (*see e.g. People v Johnson*, 309 AD2d 565 [2003], *lv denied* 1 NY3d 574 [2003]). This background testimony was relevant to explain the police presence and to dispel any unfair jury speculation as to why the neighborhood in question was targeted. The court's careful limiting instructions prevented any prejudice to defendant (*id.*).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.