■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NATT, Appellant. [901 NYS2d 596]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered February 27, 2008, convicting defendant Johnson, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of three years, unanimously affirmed. Judgment, same date, court and Justice, convicting defendant Natt, after a jury trial, of criminal possession of a controlled substance in third degree, and sentencing him, as a second felony drug offender, to a term of 10 years, unanimously modified, as a matter of discretion in

the interest of justice, to the extent of reducing the sentence to eight years, and otherwise affirmed.

The court properly denied defendants' applications pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the peremptory challenges in question were not pretextual, a credibility determination that is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]). "[W]here the explanation for a peremptory challenge is based on a prospective juror's demeanor, the judge should take into account, among other things, any observations of the juror that the judge was able to make during the voir dire" (*Thaler v Haynes*, 559 US —, —, 130 S Ct 1171, 1174 [2010]). We conclude that the prosecutor's explanations were demeanor-based, and were not mischaracterizations of the panelists' responses. Tone or inflection of voice, hesitation, facial expressions, shrugs, gestures and the like can render equivocal what appears, in print, to be an unequivocal statement. The prosecutor's use of the term "interaction," although late in the *Batson* colloquy, clarified that the explanations for the challenges were based on demeanor, and the court's explicit reliance on its "observations" demonstrated that it understood the explanations to be demeanor-based, and credited them.

The court properly rejected defendants' challenges for cause to two prospective jurors. As to each panelist, the colloquy, read as a whole, establishes that the panelist gave a sufficient assurance of his or her ability to set aside any predispositions and render an impartial verdict (*see People v Chambers*, 97 NY2d 417 [2002]). Accordingly, the seating of one of these panelists as a juror did not deprive defendants of their right to an impartial jury.

As to each defendant, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Although we may consider defendants' acquittals on other counts, and the acquittals of the other jointly tried codefendants, we do not find that any of these acquittals warrants a contrary conclusion (*see People v Rayam*, 94 NY2d 557, 563 n [2000]). In particular, the evidence of Natt's possession of drugs with intent to sell included testimony from the arresting officer that he saw Natt accept money from a purchaser who immediately obtained drugs from Johnson. In addition, Natt possessed drugs packaged identically to those recovered from the buyer, as well as a large amount of cash. Natt's acquittal of the

sale charge is a relevant factor but, under the principles articulated in *Rayam* and *People v Tucker* (55 NY2d 1, 7 [1981]), it does not make the evidence of the sale disappear (*see People v Freeman*, 298 AD2d 311 [2002], *lv denied* 99 NY2d 582 [2003]).

We find Natt's sentence excessive to the extent indicated. Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ.