(June 17, 2010)

■ In the Matter of ALBERT F., a Person Alleged to be a Juvenile Delinquent, Appellant. [903 NYS2d 374]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about April 1, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fifth degree, and imposed a conditional discharge for a period of 12 months, affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The Family Court had the unique opportunity to view the witnesses and evaluate their credibility. It drew the reasonable inference that appellant knew he had stolen merchandise in his backpack, and it found appellant's explanation for the presence of the stolen merchandise in his bag to be implausible (*see Matter of Edward H.*, 61 AD3d 473 [2009]). A reasonable inference can be drawn from this record that appellant knew that there was stolen merchandise in his backpack when he attempted to leave the store.

The appellant testified that he had been carrying only a notebook and a folder in his backpack when he entered the store, and the Family Court properly rejected his claim that he did not notice the extra weight or bulk added by two pairs of adult jeans, which he stated were placed in the bag by another person. It was also within the province of the hearing court to reject appellant's testimony that he loaned his backpack to his friend who was trying on jeans, that he went to another floor to meet another friend, and that he made no plan to retrieve his bookbag.

It is the dissent's position that "knowing" possession of stolen property was not proven, citing the appellant's testimony that his friend had his backpack for a period of time, that the jeans in the backpack were not his size, and that he cooperated with the security guard when asked to open his backpack. However, it was within the province of the Family Court to have found the appellant's testimony incredible, the size of the stolen merchandise irrelevant, and appellant's cooperation not persuasive as to his guilt. The court's dismissal of the petit larceny charge does not warrant a different conclusion. While a person may be guilty of stealing and criminally possessing the same property, the court's choice to make a finding as to one offense and dismiss the other should not entitle appellant to the windfall of yet another dismissal (*see People v Rayam*, 94 NY2d 557 [2000]). Concur—Gonzalez, P.J., Richter and Román, JJ.

Moskowitz and Freedman, JJ., dissent in a memorandum by Freedman, J., as follows: I respectfully dissent because I believe that the evidence did not establish beyond a reasonable doubt that defendant knowingly possessed the two pairs of jeans that were in his backpack when he attempted to exit the store (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Knowledge is a critical element of criminal possession of stolen property (Penal Law § 165.40). Since defendant testified that the backpack had been in possession of another youth who had

tried on jeans during the time that he had been in the store, since the jeans were not defendant's size, and since defendant cooperated completely when asked to open his backpack, I would find that "knowing" possession had not been established beyond a reasonable doubt.

The Family Court acquitted defendant of petty larceny but found him guilty of criminal possession of stolen property. I would find him not guilty of both charges.