■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARSEM ALLEN, Appellant. [931 NYS2d 915]—

The defendant contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Any inconsistencies in the complaining witness's testimony were minor and did not render his testimony incredible or unreliable (*see People v Clerge*, 69 AD3d 955 [2010]; *People v Scipio*, 61 AD3d 899 [2009]). The

fact that the defendant was acquitted on the count of tampering with a witness in the third degree (*see* Penal Law § 215.11 [1]) did not undermine the weight of the evidence supporting the jury's conviction on the count of intimidating a victim or witness in the third degree (*see* Penal Law § 215.15 [1]; *People v Rayam*, 94 NY2d 557, 563 [2000]; *People v Woods*, 82 AD3d 1277 [2011]; *People v Williams*, 13 AD3d 131 [2004]; *People v Freeman*, 298 AD2d 311 [2002]). Accordingly, the jury's verdict convicting the defendant of intimidating a victim or witness in the third degree was not against the weight of the evidence. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.