█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR MOORE, Appellant. [953 NYS2d 902]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 6, 2009, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In denying the defendant's challenge pursuant to *Batson v Kentucky* (476 US 79, 96 [1986]), the Supreme Court properly determined that the race-neutral reasons given by the prosecutor for exercising peremptory challenges with respect to several African-American jurors were not a pretext for discrimination (*see People v Smocum*, 99 NY2d 418, 421 [2003]; *People v Richie*, 217 AD2d 84, 89 [1995]; *see also Thaler v Haynes*, 559 US —, 130 S Ct 1171 [2010]; *People v Johnson*, 73 AD3d 578 [2010]).

The defendant's contention that the admission of certain evidence violated his constitutional right to confrontation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 21 [1995]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The Supreme Court properly denied the defendant's request for a justification charge since, viewing the evidence in the light most favorable to him, there was no reasonable view of the evidence establishing the elements of the defense (*see* Penal Law § 35.15 [2] [a]; *People v Grady*, 40 AD3d 1368 [2007]; *see also People v Reynoso*, 73 NY2d 816, 818 [1988]).

The defendant's remaining contention, regarding the People's introduction into evidence of an alias used by him, is without merit. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.