Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered February 24, 2010, convicting defendant, after a *461 jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 13 years, concurrent with a term of 1 to 3 years for violation of probation, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant’s argument in this regard rests primarily on inferences he seeks to draw from his acquittals on the other counts of the indictment. In performing weight of evidence review, we may consider the jury’s verdict on other counts (see People v Rayam, 94 NY2d 557, 563 n [2000]). Nevertheless, we find that the mixed verdict here does not warrant a different result. “Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict” (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]).
Defendant’s principal ineffective assistance of counsel claims are unreviewable on direct appeal because they involve counsel’s strategic choices and other matters not reflected in, or not fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Among other things, the record is inconclusive as whether trial counsel actually requested submission of third-degree robbery. Although there were postverdict proceedings having some bearing on the ineffective assistance claims, those proceedings did not shed sufficient light to obviate the need for a CPL 440.10 motion.
To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant was indicted for, among other things, felony murder and first-degree robbery, and there was ample evidence to support those charges. Trial counsel’s strategy was to assert that, after a hypothetical unidentified party committed the more serious charges, defendant engaged in separate criminal conduct against the surviving victim that only constituted second-degree robbery. Although this theory was speculative, counsel’s strategy was successful, in that the jury acquitted defendant of all the charges except second-degree robbery.
Nevertheless, defendant faults his counsel for failing to request a charge of third-degree robbery as a lesser included offense. Assuming, without deciding, for purposes of this appeal, that counsel never requested submission of third-degree robbery, we conclude that defendant has not established that counsel reasonably should have requested that charge, that the *462 court would have submitted that charge, or that there is a reasonable probability that the jury would have convicted defendant of that charge.
There was no reasonable view of the evidence that defendant was a latecomer who only committed the limited criminal act he posits, and the jury’s verdict acquitting him of the more serious charges does not, by itself, establish the existence of such a reasonable view (cf. Rayam, 94 NY2d at 561-563). Furthermore, defendant’s theory in support of the lesser offense is essentially that he engaged in different acts from the acts forming the basis for the greater offense, and it is questionable whether this would have warranted submission of the lesser (see People v Nieves, 136 AD2d 250, 258-259 [1st Dept 1988]). We note that submission of second-degree robbeiy, which was already in the indictment, did not present the same issues as submission of a lesser offense.
Accordingly, a reasonably competent attorney could have concluded that a request for third-degree robbery would be futile, and such a request might well have been correctly rejected by the court. Finally, the jury’s verdict convicting defendant of second-degree robbery does not warrant the assumption that, if given the option, the jury would have gone further and convicted defendant of only third-degree robbery. Therefore, the present, unexpanded record fails to satisfy either the reasonableness or prejudice prongs contained in either the state or federal standards.
Defendant was not deprived of his right to effective, conflict-free representation by his attorney’s conduct in relation to defendant’s eve-of-trial request for new counsel. Counsel’s permissible defense of his own performance did not create a conflict (see People v Nelson, 27 AD3d 287 [1st Dept 2006], affd 7 NY3d 883 [2006]; see also United States v Moree, 220 F3d 65, 70-72 [2d Cir 2000]).
We have considered and rejected defendant’s challenge to the court’s suppression ruling, including his related claim of ineffective assistance, and his arguments concerning his adjudication as a second felony offender. We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Saxe, DeGrasse, AbdusSalaam and Feinman, JJ. [Prior Case History: 26 Misc 3d 1220(A), 2010 NY Slip Op 50187(U).]