# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1300.1/12
KA 11-00715
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

CURTIS L. MASON, DEFENDANT-APPELLANT.

---

MARY J. FAHEY, SYRACUSE, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered March 28, 2011. The judgment convicted defendant, upon a jury verdict, of official misconduct. The judgment was affirmed by order of this Court entered December 21, 2012 in a memorandum decision (101 AD3d 1659), and defendant on January 4, 2013 was granted leave to appeal to the Court of Appeals from the order of this Court (20 NY3d 1013), and the Court of Appeals on June 11, 2013 reversed the order and remitted the case to this Court for further consideration (___ NY3d ___).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed and the matter is remitted to Seneca County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: This case is before us upon remittal from the Court of Appeals (*People v Mason*, 101 AD3d 1659, *revd* ___ NY3d ___ [June 11, 2013]). We previously affirmed the judgment convicting defendant, following a second jury trial, of official misconduct (Penal Law § 195.00 [1]). Although defendant contended, inter alia, that the verdict following the first trial was "against the weight of the evidence," we interpreted that contention as a challenge to the verdict in the first trial on the ground of repugnancy or inconsistency (*Mason*, 101 AD3d at 1660-1661). We concluded that defendant's contention was not preserved for our review and that, in any event, the verdict was neither repugnant nor inconsistent (*id.* at 1661). The Court of Appeals determined that defendant's contention was a challenge to the weight of the evidence, and therefore reversed our order and remitted the matter to this Court for consideration of that contention (*Mason*, ___ NY3d at ___).

Upon remittitur, and viewing the evidence in light of the

elements of the crime of official misconduct as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349; *People v Rayam*, 94 NY2d 557, 563 n; *People v Vazquez*, 103 AD3d 460, 461), we conclude that the verdict in the first trial was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). "[T]he fact that the jury acquitted defendant of [other] charge[s] does not warrant a different conclusion" (*People v Rodriguez*, 62 AD3d 460, 460, *lv denied* 13 NY3d 748; *see Rayam*, 94 NY2d at 561; *People v Saldano*, 104 AD3d 582, 582; *People v Mercado*, 102 AD3d 813, 813, *lv denied* 20 NY3d 1102).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court