■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ALCINDOR, Appellant. [988 NYS2d 619]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 6, 2012, as amended March 13, 2012, convicting defendant, after a jury trial, of attempted grand larceny in the third degree (three counts), tampering with physical evidence (two counts), and attempted grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 6½ to 13 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence, including evidence of defendant's managerial role, to support the inference that defendant committed the unlawful acts necessary to establish each of the charges, either personally or by causing a subordinate to do so, and that defendant committed each offense with the necessary mental state (*see e.g. People v Khan*, 82 AD3d 44, 50-52 [1st Dept 2011], *affd* 18 NY3d 535 [2012]; *People v Silberzweig*, 58 AD3d 762, 762-763 [2d Dept 2009], *lv denied* 12 NY3d 920 [2009]). The overall pattern of conduct had no reasonable explanation except that defendant was criminally responsible for the unlawful acts, even if he committed them through other persons (*see* Penal Law § 20.00). Although we may consider defendant's acquittals of other charges, we do not find that the acquittals undermine the sufficiency or weight of the evidence supporting the convictions (*see People v Abraham*, 22 NY3d 140 [2013]; *People v Rayam*, 94 NY2d 557 [2000]), and we note that an acquittal "does not make the evidence of the [acquitted conduct] disappear" for purposes of our review (*People v Johnson*, 73 AD3d 578, 580 [1st Dept 2010], *lv denied* 15 NY3d 893 [2010]). The evidence also supported the inference that the applicable statutory monetary threshold was met. We have considered and rejected defendant's remaining arguments concerning the sufficiency and weight of the evidence.

The court properly exercised its discretion in precluding a line of cross-examination that the court properly deemed irrelevant. There was no violation of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant did not preserve his challenge to the court's reasonable doubt charge, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

The court's instructions, viewed as a whole, properly conveyed to the jurors the relevant standards, and they were not constitutionally defective (*see People v Cubino*, 88 NY2d 998 [1996]; *see also People v Umali*, 10 NY3d 417, 426-427 [2008]; *People v Drake*, 7 NY3d 28, 33 [2006]). The charge generally followed the Criminal Jury Instructions, with differences in phrasing that did not affect the substance of the definition of reasonable doubt.

We perceive no basis to reduce the sentence.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.