■ The People of the State of New York, Respondent, v Pierre Appolon, Appellant. The People of the State of New

York, Respondent, v Antonio Barnaby, Appellant. The People of the State of New York, Respondent, v Wynne Burgos, Appellant. [995 NYS2d 50]—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 16, 2011, convicting defendant Appolon, after a jury trial, of assault in the third degree and sentencing him to a term of one year, unanimously affirmed. Judgment, same court and Justice, rendered June 7, 2011, convicting defendant Barnaby, after a jury trial, of assault in the third degree, and sentencing him to a term of eight months, unanimously affirmed. Judgment, same court and Justice, rendered June 7, 2011, as amended June 9, 2011, convicting defendant Burgos, after a jury trial, of assault in the third degree and endangering the welfare of a child (two counts), and sentencing her to concurrent terms of one year, unanimously affirmed.

Viewed "as a whole" (*People v Adams*, 69 NY2d 805, 806 [1987]), the court's jury charge on reasonable doubt conveyed the proper standard and was not constitutionally defective (*see People v Alcindor*, 118 AD3d 621 [1st Dept 2014]). The language at issue was substantially similar to the Criminal Jury Instructions.

All of defendants' procedural and substantive claims concerning the court's responses to two jury notes stating that the jury was deadlocked are unpreserved. We reject defendants' arguments regarding preservation, and we decline to review these unpreserved claims in the interest of justice. As alternative holdings, we find that the supplemental charges were proper and noncoercive in encouraging the jury to continue deliberating (*see People v Ford*, 78 NY2d 878 [1991]), and that the court did not abuse its discretion in declining to grant a mistrial (*see Matter of Plummer v Rothwax*, 63 NY2d 243 [1984]).

Burgos did not preserve her claim that the evidence was legally insufficient, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also reject her claim that the verdict against her was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The evidence supports the inference that Burgos intended to injure the particular victim at issue. Burgos's contention that the third-degree assault count should not have been submitted to the jury as a lesser included offense is waived and unpreserved (*see People v Richardson*, 88 NY2d 1049 [1996]; *People v Ford*, 62 NY2d 275 [1984]), and we decline to review it in the interest of justice.

Appolon's *Rosario* claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we

reject it on the merits, since the records at issue were in the possession and control of a nonparty outside the People's control, and thus did not constitute *Rosario* materials (*see People v Kelly*, 88 NY2d 248 [1996]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Feinman and Kapnick, JJ.