■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BERRY, Appellant. [995 NYS2d 70]—Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered March 10, 2010, as amended March 19, 2010, convicting defendant, af-

ter a jury trial, of three counts of unlawfully dealing with a child in the first degree, and sentencing him to concurrent terms of one year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The evidence supports a reasonable inference that defendant "permit[ted]" several underage children to "enter or remain" in a place of drug activity (Penal Law § 260.20 [1]), even though, in permitting the children to enter or remain, defendant may be viewed as having acted jointly with his codefendant. The statute does not require a defendant to have a legal responsibility for the care or custody of the child (*compare* Penal Law § 260.10 [2]), and defendant's guilt was not negated by the fact that the codefendant may have been even more blameworthy, by virtue of her relationship with the children.

There was also ample evidence from which the jury could find that defendant "kn[ew] or had reason to know" that activity involving controlled substances was "being maintained or conducted" (Penal Law § 260.20 [1]) in the codefendant's apartment. Defendant's acquittal of drug possession charges does not undermine the conviction of unlawfully dealing with a child (*see People v Rayam*, 94 NY2d 557 [2000]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.