■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ABREU, Appellant. [17 NYS3d 297]—

Judgment, Supreme Court, New York County (Daniel Mc-Cullough, J.), rendered June 19, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate term of 30 days and five years' probation, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant participated in a sale of drugs to an undercover buyer by providing drugs to a codefendant for immediate transfer to the buyer. The jury's mixed verdict does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

Defendant's challenges to the court's charge are unpreserved because defense counsel never claimed that the charge, as delivered, failed to satisfy the concerns counsel raised at the charge conference (*see People v Lewis*, 5 NY3d 546, 551 [2005]; *People v Whalen*, 59 NY2d 273, 280 [1983]). We decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find that the charge conveyed the proper standards concerning accessorial liability, and that there was no reasonable possibility that the jury could have been misled into convicting defendant on an improper theory. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.