■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN NOWELL, Appellant. [39 NYS3d 20]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered February 14, 2014, convicting defendant, after a jury trial, of three counts of criminal contempt in the first degree and three counts of criminal contempt in the second degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

The court complied with the requirements of *People v Buford* (69 NY2d 290 [1987]) before it dismissed a sworn juror, upon a finding that the juror had improperly discussed the case with his girlfriend and had compounded the misconduct by falsely denying it to the court. The court conducted two thorough, probing inquiries of the juror. The particular circumstances of the juror's misconduct warranted, as a matter of practical necessity, the court's resort to circumstantially reliable information developed during the People's out-of-court contact with the juror's girlfriend. The court did not rely solely on this information, but instead made its own evaluation of the credibility of the juror himself.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting his first-degree contempt convictions. The victim's testimony, taken together with other evidence including phone records, established the elements of first-degree contempt as to each of these convictions. The fact that the jury acquitted defendant of other charges does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.