People v Henriquez (2018 NY Slip Op 01879)





People v Henriquez


2018 NY Slip Op 01879


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6039 4899N/15

[*1]The People of the State of New York, Respondent,
v
Jean Carlos Henriquez, Defendant-Appellant.


Koch Law, New York (Lee Koch of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered December 9, 2016, as amended March 15, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of eight years, unanimously affirmed.
The court properly denied defendant's suppression motion in all respects. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).
The People met their burden of proving that defendant was sufficiently proficient in English to understand the rights he was waiving. Both during the drug transaction at issue, and after his arrest, defendant amply demonstrated his ability to converse in English. Viewed in context, his nods of his head sufficed to waive his Miranda rights (see People v Smith, 197 AD2d 352 [1st Dept 1993], lv denied 82 NY2d 853 [1993).
Defendant failed to preserve his argument that his second statement required renewed Miranda warnings, and we decline to review it in the interest of justice. As an alternative holding, we find that renewed warnings were unnecessary, because the second interview was within a reasonable time after the initial warnings, and custody remained continuous, regardless of whether defendant was in handcuffs throughout (see e.g. People v Holmes, 82 AD3d 441 [1st Dept 2011], lv denied 16 NY3d 895 [2011]).
Regarding the seizure of defendant's cell phone, the People established that it was obtained from defendant's person after a search incident to a lawful arrest, notwithstanding that the officer who actually recovered the phone did not testify. Regarding the search of its contents, the People proved by clear and convincing evidence that defendant consented to the search (see People v Gonzalez, 39 NY2d 122, 128-131 [1976]). Defendant readily provided his passcode to unlock the phone on two occasions, he remained cooperative, he was not threatened or coerced, and, as noted, there was ample evidence of his knowledge of English.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The fact that the jury acquitted defendant of other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK