People v Goodman (2020 NY Slip Op 03730)





People v Goodman


2020 NY Slip Op 03730


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11744 2373/14

[*1] The People of the State of New York, Respondent,
v
Keith Goodman, Defendant-Appellant.


Michael E. Lipson, Jericho, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 16, 2015, convicting defendant, after a jury trial, of conspiracy in the first degree, two counts of conspiracy in the third degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 40 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence against defendant was overwhelming. There was ample evidence of defendant's intent to commit murder and his agreement with others to do so. There is no basis for disturbing the jury's credibility determinations. The fact that the jury acquitted defendant of certain charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
The jury's verdict acquitting defendant of attempted murder but convicting him of conspiracy to commit murder was not legally repugnant, and the court properly denied defendant's motion to set aside the verdict. The respective crimes have different elements (see generally People v Muhammad, 17 NY3d 532, 539-540 [2011]), and a person may conspire with others to commit an intended crime without reaching the point of attempting to commit that crime.
The court providently exercised its discretion in admitting an uncharged threat made by defendant to a rival gang member. This was highly probative of the charged crimes. A song posted on social media whose lyrics contained coconspirator declarations was also relevant to the conspiracy. Defendant failed to preserve his present challenges regarding: (i) a coconspirator's declaration that allegedly reflected on defendant's criminal propensity, (ii) the prosecutor's summation in general and specifically to a remark made by the court while overruling an objection during the prosecutor's summation, or (iii) the alleged lack of authentication of phone calls made by defendant, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Although the court's remark during the summation was ill-advised, we find this error to be harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's remaining arguments which were also raised by two of his jointly tried codefendants (People v Pinkston, 169 AD3d 520 [1st Dept 2019], lv denied 33 NY3d 1107 [*2][2019]), are also rejected for the same reasons.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK