People v Bates (2022 NY Slip Op 04103)

People v Bates

2022 NY Slip Op 04103

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Ind No. 3453/15 Appeal No. 16172 Case No. 2016-02376 

[*1]The People of the State of New York, Respondent,
v
Douglas Bates, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Abigail H. Rinard of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 19, 2016, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349, [2007]). There is no basis for disturbing the jury's credibility determinations, and the jury's mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). The lack of consent element was satisfied by the police officers' testimony, that they saw defendant rubbing his groin on the victim's face and chest area, fondling her breasts and putting his hand down her pants as she sat against a statute limp and unresponsive with her eyes closed. Testimony also established that the victim was unconscious as the result of intoxication. When the officers woke her up, her eyes were glassy, her breath smelled of alcohol, she had slurred speech and was unsteady on her feet (see People v Colon, 69 Misc 3d 131[A], 2020 NY Slip Op 51209[U] [App Term 1st Dept 2020], lv denied 36 NY3d 1050 [2021]). While the victim had no memory of what had happened to her, she testified that defendant was merely a friend and not a romantic partner, and that she would not have consented to this conduct.
Defendant's challenge to a brief portion of the People's summation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022