People v McGregor (2023 NY Slip Op 06339)

People v McGregor

2023 NY Slip Op 06339

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Ind No. 2606/16 Appeal No. 1191 Case No. 2022-02294 

[*1]The People of the State of New York, Respondent,
v
Tysheem McGregor, Defendant-Appellant.

Debevoise & Plimpton LLP, New York (Lauren Kober of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered April 26, 2022, as amended April 27, 2022, convicting defendant, after a jury trial, of conspiracy in the fourth degree, and sentencing him to a term of one year, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Viewed as a whole, the evidence supported the conclusion that defendant was a participant in the firearm possession conspiracy. Defendant's intent and his agreement with his coconspirators "could be readily inferred from the totality of the circumstantial evidence, which excluded reasonable innocent explanations" (People v Rivera, 215 AD3d 462, 462 [1st Dept 2023], lv denied 40 NY3d 999 [2023]). The fact that defendant was acquitted of the other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
The prosecutor's two isolated remarks on summation that mischaracterized the evidence were not so egregious as to have deprived defendant of a fair trial (see People v Villa, 174 AD3d 438, 439 [1st Dept 2019], lv denied 34 NY3d 1019 [2019]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). Further, the court's instructions during the trial and jury charge were sufficient to prevent the misstatements from causing any prejudice (see People v Simmons, 117 AD3d 555 [1st Dept 2014], lv denied 23 NY3d 1067 [2014]). In any event, the comments were harmless in light of the overwhelming evidence of guilt (see People v Scott, 172 AD3d 543, 543 [1st Dept 2019], lv denied 34 NY3d 954 [2019]).
We perceive no basis for granting youthful offender treatment as a matter of discretion in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023