People v Armstrong (2024 NY Slip Op 01274)

People v Armstrong

2024 NY Slip Op 01274

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 2884/19 Appeal No. 1834 Case No. 2021-04669 

[*1]The People of the State of New York, Respondent,
v
Joshua Armstrong, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered December 13, 2021, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him, as second violent felony offender, to a term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury could reasonably conclude from the cell phone video that defendant, after attacking the victim, reached into the victim's back pocket with the intent to take the victim's wallet (see People v Cordero, 156 AD3d 409, 410 [1st Dept 2017], lv denied 30 NY3d 1114 [2018]). The fact that defendant was acquitted of another charge does not warrant a different conclusion (see People v Rayam, 94 NY2d 557, 561 [2000]).
Defendant's argument that the cell phone video was not properly authenticated is unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we reject it on the merits. Although the victim, who had no memory of the incident after sustaining the first of numerous blows to the head, could not attest to the accuracy of the portion of the video that appeared to show defendant reaching his hand into his back pocket, the totality of the evidence supported the inference that the video depicted the relevant events (see People v Davis, 201 AD3d 508, 509 [1st Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Mercedes, 172 AD3d 599, 600-601 [1st Dept 2019], lv denied 33 NY3d 1071 [2019]). This evidence included the victim's testimony identifying himself and defendant in the video, as well as the time and location of the video, and the undisputedly authenticated surveillance footage capturing the events that occurred immediately after those depicted in the video. Further, the cell phone video itself, "raise[d] no doubt about [its] authenticity" (Davis, 201 AD3d at 509)
The court providently exercised its discretion in admitting the photo array in which the victim identified defendant, with a suitable limiting instruction, for the purpose of completing the narrative regarding defendant's arrest (see People v Lee, 167 AD3d 518, 519 [1st Dept 2018], lv denied 32 NY3d 1206 [2019]). In any event, any error was harmless (see People v Crimmins, 36 NY2d 230, 242 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024