People v Cassis (2024 NY Slip Op 50416(U))

[*1]

People v Cassis (Charles)

2024 NY Slip Op 50416(U)

Decided on April 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570634/17

The People of the State of New York, Respondent,
against
Charles Cassis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J.), rendered September 18, 2017, convicting him, after a nonjury trial, of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered September 18, 2017, affirmed.
The verdict convicting defendant of third-degree sexual abuse (see Penal Law § 130.55) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]), which showed that defendant followed a woman onto a subway car, stood behind her and repeatedly thrust his groin into her buttocks. There is no basis for disturbing the court's determinations concerning credibility in which it credited the testimony of the plainclothes police officer who witnessed the incident and rejected defendant's testimony (see People v Ramos, 166 AD3d 442 [2018], lv denied 32 NY3d 1177 [2019]). The fact that defendant was acquitted of other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557, 561 [2000]). An acquittal "does not make the evidence of the [acquitted conduct] disappear" for purposes of our review (People v Johnson, 73 AD3d 578, 580 [2010], lvs denied 15 NY3d 893, 894 [2010]).
We similarly find unavailing defendant's challenge to the verdict on repugnancy grounds, since defendant's acquittal on the attempted forcible touching charges was not inherently contradictory to his conviction on the sexual abuse charge (see People v Amanturov, 63 Misc 3d 158[A], 2019 NY Slip Op 50852[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1014 [2019]; People v Barnes, 49 Misc 3d 131[A], 2015 NY Slip Op 51429[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015], lv denied 26 NY3d 1085 [2015]; see also People v Muhammad, 17 NY3d 532, 540 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 15, 2024