■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PINNEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered December 1, 1982, convicting him of manslaughter in the second degree, assault in the second degree, leaving the scene of an incident without reporting it (two counts), reckless driving, and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People failed to comply with the statutory requirement that they notify the defendant within 15 days of his arraignment of their intention to offer at trial evidence of a statement he made to a police officer *(see,* CPL 710.30). The defendant learned of the People's intent to use the statement when the police officer who elicited the statement testified to the statement at a combined *Wade, Huntley,* and *Mapp* hearing. The defendant objected to the testimony and moved to preclude admission of the statement into evidence based on CPL 710.30. Thereafter the prosecutor explained that the police officer who had knowledge of the statement did not inform him of it until the prosecutor began preparing for the hearing, several weeks before the hearing, and after the 15-day statutory period had expired.

Under these circumstances, the People did not establish good cause for the delay in notifying the defendant and, accordingly, it was error to admit the statement into evidence at trial *(see, People v O'Doherty,* 70 NY2d 479; *People v*

*Spruill,* 47 NY2d 869; *Matter of Albert B.,* 79 AD2d 251, 256). However, at trial, both direct and circumstantial evidence unequivocally and overwhelmingly established that the defendant's car struck the victims, and that the defendant was the driver of the car. Therefore, the admission of the defendant's statement was harmless error *(see, People v O'Doherty, supra; People v Crimmins,* 36 NY2d 230).

The defendant further contends that the trial court erred in denying his midtrial application for authorization to employ an accident investigation expert pursuant to County Law § 722-c. We disagree. The defendant failed to provide adequate proof of his indigency and also failed to show that the testimony of an expert was necessary to his defense.

We have reviewed the defendant's contention that the trial court abused its discretion in sentencing and find it to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.