■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WHACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered October 18, 1982, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court's determination that there was an independent source for the prospective in-court identification testimony, notwithstanding the suppression of the unduly suggestive out-of-court identification, finds adequate support in the record. According to the complainant's testimony, both the robberies of March 15, 1981, and April 2, 1981, occurred in a well-lit area. Immediately following the March 15th robbery, the complainant gave a detailed description of the perpetrator, who was later identified as the defendant, and the double-barrelled shotgun used to the police. He also gave a detailed description of the individual who robbed him to the police following the April 2nd robbery, stating that he had stared at his face and recognized him to be the same person who had robbed him on March 15th. On both occasions, the complaining witness was approximately four feet away from the robber. Thus, it was clear that there was an independent source for an in-court identification, even though the prior photographic procedures utilized and the lineup identification were suppressed as being unduly suggestive *(see, People v Adams,* 53 NY2d 241; *People v Ruffino,* 110 AD2d 198; *People v Lux,* 67 AD2d 933). Thompson, J. P., Brown, Sullivan and Harwood, JJ., concur.