■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN M. WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered April 18, 1983, convicting him of rape in the first degree, sodomy in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Miller, J.), after a hearing, of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant claims he was deprived of a fair trial because the People's notice to him pursuant to CPL 710.30 of their intent to use statements made by him to police officers about his movements at the time of the commission of the crime, and his explanation for the recent stain on his underpants, was late (see, People v O'Doherty, 70 NY2d 479). However, there is merit to the People's assertion that even if admission of these statements violated CPL 710.30 the error was harmless (see, People v Pinney, 136 AD2d 573). The evidence of the defendant's guilt was overwhelming and included physical evidence linking the defendant to the crime. A forensic expert testified that the stain on the defendant's underpants contained spermatozoa. Moreover, the similarities of the defendant's pubic hair combings and those recovered from complainant's underclothes enabled the expert to conclude that they may have originated from the same source. The complainant's identification was strong and unwavering. The crime occurred in a well-lit, glass-fronted laundromat store at 1:30 in the afternoon. The defendant matched the physical description furnished by the complainant and was dressed in the distinctive manner she had described. Therefore the situation here is materially different from that in People v O'Doherty (70 NY2d 479, supra), where the victim's identification was weak and the defendant's statement to the police was tantamount to a confession.

Moreover, the hearing court properly denied suppression of the showup identification made by the complainant of the defendant within 15 minutes after commission of the crime at

a location near the scene of the crime. This showup occurred in close time and proximity to the event, while the complainant's memory was fresh *(see, People v Ellis,* 126 AD2d 663; *People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366).

We further note that an independent source existed for the complainant's in-court identification *(see, People v Adams,* 53 NY2d 241). The defendant had initially approached the complainant and engaged her in conversation. She was able to observe the defendant in close proximity throughout the commission of the crime, under good lighting conditions, and she was able to accurately recall the details of the defendant's appearance *(see, People v Gantt,* 136 AD2d 651, *lv denied* 71 NY2d 896).

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.