■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL ALLAH, Appellant.—

On July 9, 1984, at approximately 11:45 A.M., the complainant was robbed at knifepoint in a subway station in Brooklyn. During the robbery the complainant was stabbed several times, and her chains, watch and money were stolen. On

February 8, 1985, the complainant viewed a photographic array and identified the defendant as the person who had attacked her. On February 27, 1985, the complainant viewed a lineup and again identified the defendant as her assailant. The People were unable to produce the photographic array, which resulted in a ruling that the array was presumptively suggestive, but, nevertheless, did not taint the subsequent lineup.

On appeal, the defendant contends that the lineup identification should have been suppressed since it was suggestive and tainted by the allegedly suggestive prior photographic identification. We disagree and discern no impropriety in the lineup or the court's ruling that the lineup was not tainted by the prior photographic array. As we have recently observed, "there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance" *(People v Wiley,* 137 AD2d 735; *see also, People v Rodriguez,* 124 AD2d 611). So long as there is a sufficient degree of resemblance between the fillers and the defendant, the constitutional proscription against unduly suggestive identification procedures will be satisfied *(see, People v Thompson,* 143 AD2d 858). Contrary to the defendant's contentions, we find that the fillers and the defendant were sufficiently similar in weight, build, hairstyle and skin tone *(see, People v Phillips,* 145 AD2d 656), and discern no undue suggestiveness. Moreover, there was no evidence adduced at the hearing that, at the lineup, the complainant was merely identifying the man she had selected in the photographic array rather than the man who had robbed her. Under the circumstances presented, the time period which elapsed between the photographic array and the subsequent lineup procedure was sufficient to dissipate any taint of suggestiveness and, accordingly, the hearing court properly declined to suppress the complainant's lineup identification of the defendant on this basis *(see, People v Carter,* 106 AD2d 654, 656-657; *People v McMickel,* 105 AD2d 851).

We note further that the record supports the hearing court's finding of an independent basis for the complainant's in-court identification. The record reveals that the complainant conversed with the defendant before the attack and was able to see the defendant's face during the robbery, which took place over a period of 3 to 4 minutes *(see, People v Williams,* 150 AD2d 821, 822; *People v Whack,* 148 AD2d 560, 561).

The sentence imposed was neither harsh nor excessive given

the defendant's extensive criminal history *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or lacking in merit. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.