█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered May 27, 1986, convicting him of robbery in the second degree, assault in the second degree, grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress the evidence of his pretrial lineup identification. More than two months elapsed between the display of the photographic array to the complainant and his identification of the defendant from the lineup, which was sufficient to attenuate any possible taint of suggestiveness (see, People v Allah, 158 AD2d 605; People v Carter, 106 AD2d 654, 656-657). Further, there was no evidence adduced at the hearing that at the lineup procedure the complainant was merely identifying the individual in the photographic array rather than the man who had robbed and assaulted him (see, People v Allah, supra).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.