■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDOR SEBOK, Appellant. [680 NYS2d 195] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered May 16, 1995, convicting defendant, after a jury trial, of one count each of robbery in the first degree and attempted murder in the second degree, three counts of robbery in the second degree, and two counts of assault in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 12½ to 25 years on the first-degree robbery and attempted murder convictions, and 3½ to 7 years on one of the assault convictions, concurrent with concurrent terms of 7½ to 15 years on the three second-degree robbery convictions and 3½ to 7 years on the other assault conviction, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied in all respects. Defendant's first lineup was not rendered unduly suggestive by his proximity to a dart board and a Dick Tracy poster. The record clearly establishes that no witness was influenced by these items. We reject defendant's contention that the second lineup, which occurred some three and a half months after the first lineup, and where defendant's appearance more nearly conformed to the appearance of the perpetrator than it did at the first, was unduly suggestive because he was the sole common participant in both lineups (*see, People v Allah*, 158 AD2d 605, *lv denied* 76 NY2d 730; *compare, Foster v California*, 394 US 440). Two of the three witness who identified him in the second lineup testified that they did not recognize him from the first lineup. Further, the

third witness testified that she had already recognized defendant in the first lineup but remained silent due to fear, and accordingly informed the police of this fact prior to her viewing the second lineup. These factors, along with the passage of time and defendant's change of appearance, establish the absence of suggestiveness. We also find that defendant's appearance was sufficiently similar to that of the other fillers (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833).

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations as to credibility and reliability of the identification testimony.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Nardelli and Tom, JJ.