■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDER BUTTS, Appellant. [719 NYS2d 680] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered February 23, 1998, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. "A photographic array is suggestive where some characteristic of [an individual's] picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Robert,* 184 AD2d 597, 598). Contrary to the defendant's contention, there is no indication that his photograph differed significantly from the photographs of the fillers (*see, People v Cotterell,* 251 AD2d 679; *People v Burke,* 251 AD2d 424). Furthermore, the hearing court properly determined that the passage of six weeks between the display of the photographic array to the witness and his identification of the defendant at the lineup attenuated any possible taint of suggestiveness (*see, People v Young,* 167 AD2d 366).

The defendant claims that certain remarks made by the prosecutor in summation improperly aroused the jury's sense

of sympathy for the decedent (*see, People v Grice,* 100 AD2d 419, 422). However, since the defendant failed to object, ask for curative instructions, or move for a mistrial, this issue is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Yates,* 207 AD2d 567), and we decline to reach it in the exercise of our interest of justice jurisdiction. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.