■ The People of the State of New York, Respondent, v Jeffrey Lightfoot, Appellant. [1 NYS3d 358]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered February 6, 2013, convicting him of assault in the second degree, obstructing governmental administration in the second degree, resisting arrest, criminal possession of marijuana in the fifth degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence is without merit. The testimony adduced at the suppression hearing demonstrated that Police Officer Stephen Donohue observed the defendant exit an apartment

building in a high crime area where the police received many complaints of drug sales and drug use. Donohue knew from previous interactions with the defendant that he did not live in the building, and was also aware that the owner of the building had signed a letter permitting police to enter the premises to arrest trespassers. When Donohue approached the defendant to ask him why he had been in the building, the defendant appeared "fidgety" and Donohue noticed "a very strong odor of marijuana coming from him." Contrary to the defendant's contention, Donohue had a "reasonable suspicion" that the defendant had committed, was committing, or was about to commit a crime, authorizing him to forcibly stop and detain the defendant (*People v De Bour*, 40 NY2d 210, 223 [1976]; *see People v Roque*, 99 NY2d 50, 54 [2002]; *People v Velasquez*, 217 AD2d 510, 512 [1995]). The defendant's reliance on Donohue's trial testimony to challenge the hearing court's determination is improper, since he failed to move to reopen the suppression hearing (*see People v Bowen-Allen*, 97 AD3d 598, 599 [2012]; *People v Riley*, 79 AD3d 911, 912 [2010]; *People v Fleming*, 65 AD3d 702, 703 [2009]).

The defendant's contention with respect to the charge of obstructing governmental administration is unpreserved for appellate review, and his remaining contentions are without merit. Eng, P.J., Mastro, Roman and Miller, JJ., concur.