■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARAM CHOI, Appellant. [26 NYS3d 333]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 23, 2012, convicting him of gang assault in the first degree and gang assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the evidence of his pretrial lineup identification on the ground it was tainted by the witnesses' prior viewings of surveillance videos and still photographs made from those videos. The evidence at the suppression hearing did not establish that, at the lineup procedure, the witnesses were merely identifying the individual they had seen in the videos and photographs rather than the man who had participated in the subject altercation (*see People v Young*, 167 AD2d 366 [1990]). Moreover, the passage of at least six weeks between the display of the videos and photographs to the witnesses and their identifications of the defendant at the lineup attenuated any possible taint of suggestiveness (*see People v Butts*, 279 AD2d 587 [2001]; *People v Young*, 167 AD2d 366 [1990]; *People v Allah*, 158 AD2d 605, 606 [1990]). The defendant's reliance on the trial testimony to challenge the hear-

ing court's determination is improper, since he failed to move to reopen the suppression hearing (*see People v Lightfoot*, 124 AD3d 802, 803 [2015]).

The defendant contends that the verdict convicting him of gang assault in the first degree is against the weight of the evidence because, under the facts of this case, that verdict is irrational and inconsistent with the verdict acquitting him of manslaughter in the first degree with respect to the same victim. However, the fact that the defendant was acquitted of manslaughter in the first degree does not undermine the weight of the evidence supporting the jury's verdict convicting him of gang assault in the first degree (*see People v Rayam*, 94 NY2d 557, 562-563 [2000]). An intermediate appellate court conducting a weight of the evidence review of a mixed jury verdict may take into account " 'the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy' " (*People v Rayam*, 94 NY2d at 561, quoting *People v Tucker*, 55 NY2d 1, 7 [1981]), and is not required "to assume the basis for any implied inconsistencies" in such mixed verdicts (*People v Rayam*, 94 NY2d at 563; *see People v Pierre*, 126 AD3d 817, 817 [2015]; *People v Walton*, 125 AD3d 900, 901 [2015]; *People v Woods*, 82 AD3d 1277, 1277-1278 [2011]). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt as to the crime of gang assault in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's contention, the defendant's claim of improper bolstering concerning the prosecutor's use of a cooperation agreement of a witness was adequately preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). However, the claim is without merit. The defendant and his codefendants raised the issue of the cooperating witness's motive for testifying and his credibility in their opening statements, and thus, the People were properly permitted, on direct examination of that witness, to elicit the bolstering aspect of the cooperation agreement, i.e., the promise by the witness to testify truthfully, to enable the jury to assess the witness's credibility (*see People v Hayes*, 226 AD2d 1055 [1996]; *People v Cherry*, 161 AD2d 185, 186-187 [1990]; *People v Rivera*, 155 AD2d 941, 941-942 [1989]). Moreover, the subsequent introduction into evidence of the entire written agreement, on the People's redirect examination of the witness, was proper (*see United States v Borello*, 766 F2d 46 [2d Cir 1985]).

The defendant further contends that, during summation, the prosecutor improperly vouched for the credibility of the People's witnesses and denigrated the sole defense witness, and, as part of a PowerPoint presentation, displayed slides with accompanying text which highlighted the prosecutor's improper comments. These contentions, however, are unpreserved for appellate review, since the defendant either failed to object to the challenged remarks or the slides, made only general objections, or failed to request further curative relief when his objections were sustained or move for a mistrial on the grounds currently raised when the court sua sponte gave curative instructions (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Philips*, 120 AD3d 1266, 1268 [2014]; *People v Martin*, 116 AD3d 981, 982 [2014]). In any event, the majority of the challenged comments and slides were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Quezada*, 116 AD3d 796, 798 [2014]). To the extent that some of the comments and slides were improper, these errors were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (*see People v Stevenson*, 129 AD3d 998, 999 [2015]).

The defendant's remaining contention is without merit. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.