People v Herrera (2017 NY Slip Op 08014)





People v Herrera


2017 NY Slip Op 08014


Decided on November 15, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2012-07914
 (Ind. No. 6717/10)

[*1]The People of the State of New York, respondent,
v
Angel Herrera, appellant.


Seymour W. James, Jr., New York, NY (Lorca Morello of counsel), for appellant.
Eric Gonzalez, Acting District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered August 13, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court that a lineup identification procedure conducted with an eyewitness to the subject incident was not unduly suggestive (see People v Choi, 137 AD3d 808; People v Mullings, 88 AD3d 745).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that various comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912), and, in any event, without merit.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see People v Caban, 5 NY3d 143; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, do not require reversal.
DILLON, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court