People v Palmer (2019 NY Slip Op 01238)





People v Palmer


2019 NY Slip Op 01238


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10183
 (Ind. No. 10752/13)

[*1]The People of the State of New York, respondent,
v
Ruashawn Palmer, appellant.


Paul Skip Laisure, New York, NY (Laura B. Indellicati of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Slevin, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered October 5, 2015, convicting him of burglary in the second degree, petit larceny, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his acquittal on some counts of the indictment indicates that the jury found the fingerprint evidence unreliable, so that the verdict of guilty on the remaining counts of the indictment was against the weight of the evidence. However, the defendant's acquittal on some counts of the indictment does not undermine the weight of the evidence supporting the jury's verdict convicting him of the remaining counts (see People v Kypri, 149 AD3d 980, 980; People v Mitchell, 148 AD3d 730, 732; People v Choi, 137 AD3d 808, 809). An intermediate appellate court conducting a weight of the evidence review of a mixed jury verdict may take into account " the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy'" (People v Rayam, 94 NY2d 557, 561, quoting People v Tucker, 55 NY 1, 7; see People v Choi, 137 AD3d at 809), and is not required "to assume the basis for any implied inconsistencies" in such mixed verdicts (People v Rayam, 94 NY2d at 563; see People v Choi, 137 AD3d at 809). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence
(see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt on the remaining counts of the indictment was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the sentence imposed was improperly based on the crimes of which he was acquitted is unpreserved for appellate review (see CPL 470.05[2]; People v Harrison, 82 NY2d 693, 694; People v Metellus, 46 AD3d 578, 579; People v Brown, 38 AD3d 676, 677) and, in any event, without merit (see People v Harris, 101 AD3d 900, 900; People v Brown, 38 AD3d at 677).
The defendant's contention that his sentence should be reduced since he was penalized for withdrawing his plea of guilty is also unpreserved for appellate review since he did not raise this issue at his sentencing hearing (see People v Dunaway, 134 AD3d 952, 954; People v Evans, 16 AD3d 595, 596). In any event, this contention is without merit. The fact that a sentence [*2]imposed after trial is greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (see People v Melendez, 71 AD3d 1166, 1167; People v Davis, 27 AD3d 761, 762). A review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Dunaway, 134 AD3d at 955). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court