People v Molina (2020 NY Slip Op 06553)





People v Molina


2020 NY Slip Op 06553


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2013-06164
 (Ind. No. 12-00674)

[*1]The People of the State of New York, respondent,
v
Edward Molina, appellant.


Thomas Theophilos, Buffalo, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lester B. Adler, J.), rendered May 16, 2013, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, on the law, by vacating the conviction of endangering the welfare of a child, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was indicted by a grand jury and charged with course of sexual conduct against a child in the first and second degrees and endangering the welfare of a child, based upon allegations that he engaged in sexual conduct with his former paramour's daughter during a period of time between February 1, 2004, and January 21, 2009, when the child was younger than 13 years old. Following a hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree and endangering the welfare of a child.
The defendant contends that the charges in the indictment were time-barred and therefore should have been dismissed. We agree with the defendant's contention that the charge of endangering the welfare of a child was time-barred. The statute of limitations as to the crime of endangering the welfare of a child, a class A misdemeanor, is two years (see Penal Law § 260.10[1]; CPL 30.10[2][c]). Here, with respect to the count of endangering the welfare of a child, the statute of limitations expired on January 21, 2011, yet the defendant was not arrested until August 26, 2011, with the felony complaint being filed on August 29, 2011. The indictment was filed on June 21, 2012. Accordingly, the charge of endangering the welfare of child should have been dismissed as time-barred (see CPL 30.10[2][c]; People v Wildrick, 83 AD3d 1455, 1456; People v Hughes, 72 AD3d 1121, 1122; People v Heil, 70 AD3d 1490, 1491). As to the timeliness of the remaining counts of the indictment, the defendant's contentions are unpreserved for appellate review and, in any event, without merit.
The defendant's challenge to the denial of that branch of his omnibus motion which was to suppress his statements to law enforcement officials is unpreserved for appellate review to the extent that it is based upon an alleged violation of the Fourth Amendment of the United States Constitution and the lack of hearing testimony from a particular detective (see CPL 470.05; People v Martin, 50 NY2d 1029, 1031), and we decline to reach those unpreserved contentions in the exercise of our interest of justice jurisdiction. Contrary to the defendant's preserved contention, the statements he made to law enforcement officials at the precinct house were not otherwise subject to suppression, as the record demonstrated that the defendant was properly administered Miranda warnings (see Miranda v Arizona, 384 US 436, 444) and, thereafter, knowingly, voluntarily, and intelligently waived his Miranda rights (see People v Sonam, 180 AD3d 717; People v Humphrey, 176 AD3d 1101; People v Ramos, 164 AD3d 1267). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
The defendant contends that the Supreme Court erred in denying his for-cause challenge of a prospective juror because, among other things, her statements indicated her inability to be fair and impartial. "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120 [internal quotation marks omitted]; see CPL 270.20[1][b]; People v Harris, 19 NY3d 679, 685; People v Johnson, 17 NY3d 752, 753). We agree with the court's denial of the defendant's for-cause challenge to the subject prospective juror, since, upon further inquiry, she unequivocally stated that she would be impartial (see People v Brims, 145 AD3d 1025).
The defendant's contention that his convictions are entitled to summary reversal because jury notes submitted during deliberations were lost, thereby making appellate review of whether the Supreme Court sufficiently responded to them impossible, is without merit, because the contents of the notes were read into the record at trial (see generally People v Hall, 32 NY2d 546, 551).
The defendant's contention that certain remarks made by the prosecutor in summation deprived him of a fair trial is unpreserved for appellate review, since the defendant either failed to object to the contested remarks or raised only a general objection, and failed to make a timely motion for a mistrial on the specific grounds he raises on appeal (see CPL 470.05[2]; People v Willis, 165 AD3d 984, 985). In any event, the defendant's contention is without merit, as the remarks were either fair comment on the evidence, a fair response to the defense summation, or not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Rodriguez, 175 AD3d 721; People v Carter, 152 AD3d 786).
The defendant's contention that he was deprived of a fair trial due to improper witness bolstering and vouching is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach the contention in the exercise of our interest of justice jurisdiction.
The Supreme Court providently exercised its discretion in denying the defendant's request for a missing witness charge in relation to the victim's brother. The People established that the victim's brother was not under their control and would not have provided material testimony favorable to the prosecution (see People v Alston, 155 AD3d 887; People v Roseboro, 127 AD3d 998).
The defendant's contention that the evidence was legally insufficient to establish his guilt of course of sexual conduct against a child in the first degree is unpreserved for appellate review to the extent that it is based upon establishing proper venue (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of course of sexual conduct against a child in the first degree (see People v Cooper, 151 AD3d 1831; People v Turley, 130 AD3d 1574; People v Dunton, 30 AD3d 828). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v [*2]Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to course of sexual conduct against a child in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the evidence before the grand jury was legally insufficient to indict him is not reviewable on this appeal, because the defendant's guilt was proven beyond a reasonable doubt at trial (see CPL 210.30[6]; People v LaRoche, 162 AD3d 684, 684-685).
Contrary to the defendant's contention, his waiver of any potential conflict of interest based upon his assigned counsel's marriage to an assistant district attorney who worked in the Westchester County District Attorney's office was knowingly, intelligently, and voluntarily made after sufficient inquiry by the Supreme Court (see People v Cortez, 22 NY3d 1061; People v Caban, 70 NY2d 695; People v Gomberg, 38 NY2d 307, 313).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contentions that the Supreme Court gave improper jury instructions and responses to the jury's inquiries, improperly admitted evidence of uncharged crimes, and violated his right to a public trial are unpreserved for appellate review and, in any event, without merit.
The defendant's contention regarding the order of protection issued at the time of sentencing is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions are without merit.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court