People v Joseph (2025 NY Slip Op 00984)

People v Joseph

2025 NY Slip Op 00984

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2019-14609
 (Ind. No. 2388/18)

[*1]The People of the State of New York, respondent,
v
Anthony Joseph, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton and Alexa Askari of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Tess Mariel O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered November 20, 2019, convicting him of assault in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the fact that the jury acquitted him of criminal possession of a weapon in the third degree and the count of assault in the second degree based on causing physical injury to a person by means of a dangerous instrument does not undermine the weight of the evidence supporting the jury's verdict convicting him of the count of assault in the second degree based on causing physical injury to a person who is 65 years of age or older where the actor is more than 10 years younger than the victim (see People v Rayam, 94 NY2d 557, 561-563; People v Zamfino, 160 AD3d 779, 780; People v Choi, 137 AD3d 808, 809). An intermediate appellate court conducting a weight of the evidence review of a mixed jury verdict may take into account "'the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy'" (People v Rayam, 94 NY2d at 562 [emphasis omitted], quoting People v Tucker, 55 NY2d 1, 7; see People v Zamfino, 160 AD3d at 780; People v Choi, 137 AD3d at 809) and need not "assume the basis for any implied inconsistencies in mixed jury verdicts" (People v Rayam, 94 NY2d at 563; see People v Zamfino, 160 AD3d at 780; People v Choi, 137 AD3d at 809). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict convicting the defendant of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A prospective juror may be challenged for cause on the ground that "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). "'[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial'" (People v Molina, 188 AD3d 920, 921, quoting People v Warrington, 28 NY3d 1116, 1119-1120).
Here, although a particular prospective juror initially raised a concern regarding her ability to be impartial, upon further inquiry, she unequivocally stated that she would be impartial (see People v Warrington, 28 NY3d at 1120-1121; People v Molina, 188 AD3d at 921). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's for-cause challenge to that prospective juror.
The defendant's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court